IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

```
FIREMAN'S FUND INSURANCE CO.,   )
(Substituted for MJS CORP.)     )
                                )
        Plaintiff,              )
                                )
        v.                      )   Case No. 1:04cv1170 (GBL)
                                )
ASSURANCE COMPANY OF AMERICA    )
(ZURICH U.S.), et al.,          )
                                )
        Defendant.              )
```

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Plaintiff Fireman's Fund Insurance Company's ("Fireman's Fund") Motion for Summary Judgment and Defendant Assurance Company of America's ("Zurich") Motion for Summary Judgment. The Court previously issued an order denying Plaintiff's Motion for Summary Judgment and granting Defendant's Motion for Summary Judgment. The reasons are set forth below.

This case concerns a suit by an insurance company requesting indemnification for money paid in the settlement of a tort suit against the insurance company and its client. The issues before the Court are whether MJS Corporation ("MJS") became an "Additional Insured" under the Zurich policy (1) through the issuance of a non-binding certificate of insurance; or (2) through the routine business practices between Zurich and an insurance agent. The Court holds that MJS is not an additional

1

insured under the Zurich policy because the issuing of a non-binding certificate by the agent, Hilb Rogal & Hamilton Company of Metropolitan Washington ("HRH"), and the routine business practices between HRH and Zurich did not create an insurance contract.

## I.   BACKGROUND

Wendell Sippel was seriously injured when he fell off a building while working at the Hampton Inn construction project in Alexandria, Virginia.  The Hampton Inn construction project is owned by M.J.S.  Mr. Sippel was hired by Pen, a sub-contractor. Pls. Mot. Summ. J. at 1-2.  Mr. Sipple fell after the safety cables he was leaning against gave way.  Def's Mot. Summ. J.  The safety cables were installed by Oncore Construction Company ("Oncore").  Mr. Sipple sued M.J.S. and Oncore for his injuries. Pls. Mot. Summ. J. at 5.  The parties settled during trial.  Pls. Mot. Summ. J. at 1.

Fireman's Fund was the liability insurer for MJS.  Pls. Mot. Summ. J. at 1.  Zurich was the liability insurer for Pen.  HRH was the agent who obtained the Zurich policy for Pen.  *Id.*  HRH issued several non-binding certificates of insurance showing MJS as an "Additional Insured" under the Pen commercial general liability policy with Zurich.  MJS Exs. 8, 9, 14.  Each of the insurance certificates contained disclaimers stating:

> THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY
> AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER.  THIS

2

> CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

*See I.d.*

## II.   DISCUSSION

**A.   Standard of Review**

Under Rule 56(c), the Court must grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1996). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *Anderson*, 477 U.S. at 248. "Rule 56(e) requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 324

3

(1986).

   B.   **Choice of Law**

A federal court sitting in diversity must apply the choice of law rules of the forum state.  *See, e.g., Klaxon Co. v. Stentor Elc. Mfg. Co.*, 313 U.S. 487, 496 (1941).  Therefore, Virginia law governs the choice of law rules that the Court must apply in this case.  In Virginia, insurance coverage disputes are controlled by the laws of the state where the insurance contract is written and delivered.  *Buchanan v. Doe*, 431 S.E.2d 289 (Va. 1993).  Because the insurance contract in this case was written and delivered in Maryland, Maryland law controls this dispute.

   C.   **Analysis**

   *Non-binding Certificate*

MJS is not an additional insured because a non-binding certificate does not create an insurance contract.  Under Maryland law, an insurance company does not create a viable insurance contract when it issues a non-binding certificate of insurance.  *See G.E. Tingall & Co., Inc. v. Reliance Mutual Ins. Co.*, 102 F. Supp. 2d 300, 204 (D.Md. 2000); *American Hardware Mut. Ins. Co. v. BIM, Inc.*, 885 F.2d 132, 139-40 (4th Cir. 1989); *see also Tidewater Equip. Co. v. Reliance Ins. Co.*, 650 F.2d 503, 506 (4th Cir. 1981) (holding that a non-binding certificate of insurance could not be used to prove the existence of an

4

insurance contract).

In *G.E. Tingall & Co.*, the plaintiff attempted to use a non-binding certificate as proof of insurance coverage. *G.E. Tingall & Co.*, 102 F. Supp. 2d at 303. Each certificate had a disclaimer that stated:

> This certificate is issued as a matter of information only and confers no rights upon the certificate holder. This certificate does not amend, extend or alter the coverage afforded by the policies below.

*Id.* The district court ruled that the certificates did not create a legal duty in the defendant because the language of the disclaimer clearly negated the creation of a legal duty. *Id.*

In *American Hardware*, the Fourth Circuit considered a certificate of insurance with a disclaimer identical to the disclaimer in the certificate in this case. *American Hardware Mut. Ins. Co.*, 885 F.2d at 139. The Fourth Circuit held that a party seeking additional insured status could not rely on a non-biding certificate as evidence of coverage. *Id.* at 139-40.

In this case HRH, an insurance broker, issued several non-binding certificates of insurance to MJS. All the certificates contained disclaimers in bold capital letters that read:

> THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

Just like the insurance certificates issued in *American Hardware*, and *G.E. Tingall*, the insurance certificates in this

5

case are non-binding and contained unequivocal disclaimers. Because the certificates were non-binding, and clearly stated that they did not confer any rights upon the certificate holder, they cannot form the basis for insurance coverage and did not make MJS an additional insured under the Zurich policy.

*Routine Business Practices*

The commercial practices of HRH and Zurich did not create a binding insurance contract between MJS and Zurich. Fireman's Fund asserts that the routine business practice between HRH and Zurich was to automatically add a party as an additional insured whenever Zurich had a certificate on file for that party. Pls. Mot. Summ. J. at 13. Plaintiff cites the deposition of Thomas Meyer as evidence of this business practice. *Id.* A fair reading of Mr. Meyer's deposition does not support Plaintiff's conclusion. *See* Meyer Dep. at 18-20. That conclusion also contradicts Meyer's sworn affidavit, where he clarifies that "[h]ad we received such a certificate it...would not create a binding contract of insurance." Meyer Aff. at ¶ 6. Even assuming that such a business practice existed, Plaintiff's argument is inapposite because it is undisputed that Zurich did not have a certificate on file for MJS. *See* Pl's Mot. Summ. J. at 14; Def's Reply Mot. Summ. J. at 8; Meyer Aff. at ¶ 5.

The case law clearly demonstrates that a non-binding certificate of insurance, which by its own terms precludes the

6

assertion that it creates a contract for insurance, cannot be the basis of an insurance contract.  Because Fireman's Fund offers no evidence that MJS was an additional insured under the Zurich policy other than a non-binding certificate, the court will not enforce an insurance contract between MJS and Zurich.

### III.CONCLUSION

In conclusion, Fireman's Fund cannot rely on a non-binding certificate as evidence that MJS was an additional insured on the Zurich plicy because a non-binding insurance certificate cannot create an insurance contract where none previously existed.

For the foregoing reasons, it is hereby

ORDERED that Defendant Zurich's Motion for Summary Judement is GRANTED, and Plaintiff Fireman's Fund's Motion for Summary Judgment is DENIED.  The Clerk is directed to forward a copy of this Order to Counsel.

Entered this ____21st_____ day of July, 2005.

                                                          /s/

Gerald Bruce Lee
United States District Judge

Alexandria, Virginia

07/  /05

Alexandria, Virginia

07/  /05